FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 07 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

SHAKEEL WIGGINS,

        Defendant.

14-CR-3

Statement of Reasons Pursuant to
18 U.S.C. §3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. §3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

Shakeel Wiggins pled guilty to Count Three of a seven-count Superseding Indictment. It charged him with distributing and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), on September 12, 2013. The remaining counts were dismissed.

Beginning on August 1, 2013, defendant made several drug sales to an undercover police officer and a confidential informant ("CI") in South Ozone Park, a neighborhood in Queens, New York. Among these incidents was a sale of narcotics on September 12, 2013. In late September 2013, a CI reported to the police that defendant had asked him if he wanted to see defendant's "new toy," before showing the CI a black assault rifle with a scope.

On September 27, 2013, based on the CI's information, the Queens Country Criminal Court issued a search warrant for the building in which defendant lived. When the police officers executed the warrant, defendant attempted to run out of the back of the house, carrying a bag containing a loaded Colt M-4 carbine and three additional magazines of ammunition. A search of defendant's home revealed 133 grams of cocaine, a capsule of methylone, and a Rossi .357 Taurus revolver handgun, loaded with 5 rounds.

Evidence received from the search was suppressed because the search warrant was insufficiently particular. *See U.S. v. Wiggins*, 298 F.R.D. 75 (Apr. 3, 2014). Defendant has stipulated that he is responsible for the drugs found in his apartment.

Defendant was sentenced on July 17, 2014. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is 23 and defendant's criminal history is category VI. Defendant was not sentenced as a career offender because his two prior convictions for selling drugs were close in time and handled together by the state court with concurrent sentences. The Guidelines range of imprisonment is 92-115 months, and the fine range is $10,000 to $100,000. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5E1.2(c)(3) and (c)(4). In calculating the total offense level, the court included a three-point reduction for acceptance of responsibility and a two-point reduction in accordance with the new Guidelines that become effective in November 2014.

The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. *See* 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). The offense to which the defendant pled guilty permits probation for a term of not less than one year or greater than five years. 18 U.S.C. §3561(c)(1). The Guidelines advise against probation. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5B1.1, comment. (n.2) (Nov. 2012).

Defendant was sentenced to thirty months incarceration, to be followed by three years supervised release. Defendant will also undergo treatment for alcohol and substance abuse.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). A sentence of incarceration within the guidelines would not be appropriate in this case.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant was a street-level seller of narcotics who stored and prepared drugs in his home. There is no indication that anyone worked for him or that he worked under the direct supervision of anyone else.

Defendant endured a highly unstable childhood. His father left the family when defendant was two years old and served substantial amounts of time incarcerated both in the 1990s and the 2000s. Defendant was raised almost entirely by his mother who struggled with alcohol abuse. Over the course of his childhood, defendant lived with other relatives due to his mother's alcoholism.

He now has a supportive family. His mother currently lives in Pennsylvania, where she hopes defendant will be able to join her upon his release. She is confident that defendant can reform himself; defendant's brother managed to secure employment as a bus driver after serving his own sentence.

This defendant has been romantically involved with Neysa Williams since they were teenagers. They have three children together, including two epileptic twin girls, aged 10, and a son, aged 6. Since defendant's arrest, Williams and the children have moved out of defendant's home and moved in with Williams' parents. Williams works at Home Depot and recently attained her certification as a Licensed Practical Nurse. Williams spoke to defendant's commitment to his children and to the fact that he worked to prevent them from discovering his criminal lifestyle.

His crime is made more serious by the firearms he illegally possessed. Although there is no evidence that defendant used these weapons or intended to do so, their mere presence in the home created risks of serious harm. This danger is exacerbated by the presence of children in the home. Although both of defendant's guns were hidden, neither was locked away; had the children happened upon them, they could have harmed or killed themselves or others.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. This case illustrates the necessity of a substantial

period of incarceration when guns are involved. General deterrence is satisfied by the term of incarceration to be served. Specific deterrence is also served by the term of incarceration. Defendant has expressed genuine remorse and a sincere recognition of the harm his conduct has caused.

                                      SO ORDERED.

                                      Jack B. Weinstein
                                      Senior United States District Judge

Dated: July 29, 2014
       Brooklyn, New York